# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Plaintiff, § § | CIVIL ACTION NO. 6:16-CR-00017-JDK |
| v. § § | |
| JASON RAY RAGAN (10), § § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 11, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jason Ragan. The government was represented by Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, federal public defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Less Than 50 Grams of Methamphetamine, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months. The offense carried a maximum imprisonment term of 20 years. On February 8, 2017, District Judge Ron Clark sentenced Defendant to 60 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and mental health treatment. On October 27, 2021, Defendant completed his term of imprisonment and began his term of supervised release. On June 1, 2023, Defendant's term of supervised release was revoked and he

was sentenced to 6 months imprisonment followed by an 18-month term of supervised release, with 6 months in a residential reentry center. On October 24, 2023, he completed his term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to reside in a residential reentry center for a period of 180 days upon release from confinement and observe the rules of the facility. In Allegation 1 of its petition, the government alleges that Defendant violated the conditions of his supervised release on November 17, 2023 when the director of his residential reentry center contacted the probation officer to inform him that Defendant was being unsuccessfully discharged from the facility. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being unsuccessfully discharged from the residential reentry center, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 5 months imprisonment with no supervised release to follow. The sentence recommended by the government is a slight downward departure from the advisory guideline range. After considering the parties' reasons for the requested departure, the court finds a slight departure appropriate because Defendant was taken into custody on the instant petition on February 13, 2024 and thus he has already served two months in custody. Moreover, the

circumstances of Defendant's discharge from the residential reentry center potentially involved medical issues that may have not been taken fully into account at the time of his discharge.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 5 months imprisonment with no supervised release to follow and that Defendant serve his sentence at FCI Butner, NC, if available.

**So ORDERED and SIGNED this 15th day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE